IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TERESA ORTIZ,
   Plaintiff

     v.

JO ANNE B. BARNHART, Commissioner of
  Social Security,
   Defendant

Civil No. 04-1604 (JAF)

### MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Teresa Ortíz (hereafter "Ortíz") filed a complaint seeking judicial review of the decision of the defendant, Jo Anne B. Barnhart, Commissioner of Social Security (Commissioner) denying her disability benefits pursuant to Title II of the Social Security Act (**Docket No. 1**). Ortíz asks for judgment reversing the determination of the Commissioner and that benefits be granted. The Commissioner answered the complaint and filed a memorandum of law in support of its decision (**Docket Nos. 6, 8**). Ortíz also filed a memorandum of law[1] in support of her position (**Docket No. 9**). The matter was referred to the undersigned for Report and Recommendation (**Docket No. 10**).

After careful review of the administrative record and the briefs on file, it is hereby RECOMMENDED that the Commissioner's decision be **VACATED** that the plaintiff's case be **REMANDED** for further proceedings.

I.   **Procedural Background**

Ortíz was born on May 29, 1961, and has completed two years of college (Tr. 65, 75, 304). She previously worked as an industrial machine operator and inspector (Tr. 60, 70, 93-105, 305). Oríiz filed the current application for disability insurance benefits on October 15, 2001, alleging an inability to work since November 15, 1999, due to back pain and an

---

[1] The Memorandum of Law is single spaced. Counsel is advised that the Local Rules for the U.S. District Court for the District of Puerto Rico requires that all pleadings be double-spaced. See. L.Cv.R. 10(a). Counsel is forewarned that future pleadings filed by him that are in single-space format and that come before this Magistrate-Judge for ruling will be stricken for failure to comply with the Local Rules.

Civil No. 04-1604 (JAF)                                                                                                        Page 2

emotionally depressive condition (Tr. 44, 59, 69). Ortíz's current application was denied initially (Tr. 26-31) and on reconsideration (Tr. 33-37) by the Social Security Administration. She requested an administrative hearing on her application for disability benefits, which was held on September 3, 2003 (Tr. 300-312). A decision was issued on October 28, 2003, by Administrative Law Judge Solomon Goldman (ALJ) denying her benefits (Tr. 17-21). Ortíz disagreed with the determination and filed a request for review of the ALJ's decision (Tr. 277-78). However, the Appeals Council rejected her request and affirmed the ALJ's decision, rendering it the final decision of the Commissioner of Social Security (Tr. 7-9). Ortíz now challenges the Commissioner's determinions (**Docket No. 1**).

## II.     The ALJ's Decision and the Appeals Council

In his written opinion dated October 28, 2003, the ALJ engaged in a review of the documentary evidence submitted. In finding that Ortiz was not suffering from a disability, the ALJ applied the evaluation process mandated by law. *See* Discussion Section, *Infra*. This evaluation process produced the following conclusions:

> 1) Ortíz met the nondisability insured status requirements and was insured for benefits through December 31, 2004 (Tr. 21).
>
> 2) Ortíz has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 21), and
>
> 3) Plaintiff has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(b). These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, of Regulation No. 4 (Tr. 22).
>
> 4) Claimant's allegation regarding her limitations are not totally credible (Tr. 22).
>
> 5) Ortíz has the residual functional capacity to perform work at all levels of exertion. She is able to perform simple, routine and repetitive work in which she does not have to deal with the public (Tr. 22).
>
> 6) Claimant's past relevant work as a sewing machine operator and garment inspector did not require the performance of work related activities precluded by her residual functional capacity (Tr. 22).

Civil No. 04-1604 (JAF)                                                                                                  Page 3

>   7) Ortiz's medically determinable depressive and dysthymic disorders and generalized anxiety do not prevent her from performing her past relevant work (Tr. 22), thus;
>
>   8) She was not under a "disability" as defined in the Social Security Act, at any time through the date of the ALJ's decision (Tr. 22).

In reviewing the medical evidence of record, the ALJ found that it indicates that Ortíz has a depressive dysthymic disorder and generalized anxiety (Tr. 19). She also has had multiple work related accidents injuring her low back, neck and hands. *Id.* With regard to her mental condition, the ALJ considered and discussed the opinions rendered by State Agency consultants, as well as those evaluations rendered by three psychiatrists, Drs. Víctor González-Pimentel, Ada I. Delgado, and Luis Carlos Rojas. *Id.* As to her physical complaints, the ALJ reviewed the medical records and commented of his observations of Ortíz's demeanor during the hearing (Tr. 20). The ALJ stated that he could not give full credence to Ortíz's alleged symptomatology in terms of frequency, intensity and duration (Tr. 21). In doing so, the ALJ referred to the conclusions made by the State Agency consultants and the findings within the physical evaluation reports and other medical evidence of record. *Id.*

With regard to Ortíz's residual functional capacity, the ALJ determined that she retains the ability to perform work across all exertional levels (Tr. 21). He further concluded that Ortíz could perform her past relevant work as a sewing machine operator noting that it is a job of light nature, done while sitting most of the time, but with some periods of walking and standing and requires lifting approximately ten pounds at a time. *Id.*

Thereafter, on December 17, 2003, Ortíz sought a review by the Appeals Council. However, the Appeals Council rejected petitioner's request and affirmed the ALJ's decision, rendering it the final decision of the Commissioner of Social Security.

I.   **Conclusions of Law**

A.   **Legal Standard**

The Court's review is limited to determining whether the ALJ deployed the proper legal

standards and found facts upon the proper quantum of evidence. *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *Da Rosa v. Secretary of Health and Human Services*, 803 F.2d 24, 26 (1st Cir. 1986); *Ortiz v. Secretary of Health and Human Services*, 955 F.2d 765, 769 (1st Cir.1991).

To establish entitlement to disability benefits, the burden is on the claimant who has to prove that she is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do her previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. §§ 404.1520; *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Goodermote v. Secretary of Health and Human Services*, 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If she is, disability benefits are denied. §§ 404.1520(b). If she is not, the

decision-maker proceeds to step two, through which he determines whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. §§ 404.1520(e). If the claimant cannot perform this work, the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of her residual functional capacity, as well as his age, education, and work experience. The claimant is entitled to disability benefits only if she is not able to perform other work. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that she cannot return to her former employment because of her alleged disability. *Santiago v. Secretary of Health and Human Services*, 944 F.2d 1, 5 (1st Cir. 1991). Once a claimant has demonstrated a severe impairment that prohibits return to her previous employment, the Commissioner has the burden, under step five, to prove the existence of other jobs in the national economy that the claimant can perform. *Ortíz v. Secretary of Health and Human Services*, 890 F.2d 520, 524 (1st Cir. 1989).

Courts are not to re-weigh the evidence or substitute their judgment for that of the Commissioner when the record before the administrative agency has been comprehensive and

thorough. *Colón v. Secretary of Health & Human Serv.*, 877 F.2d 148 (1st Cir. 1989). Here, the Court considers whether the decision of the ALJ is supported by substantial evidence. Substantial evidence has been defined as "more than a mere scintilla" and "such as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

    **B.    Analysis**

The ALJ concluded at step four of the sequential evaluation process that Ortíz retained the residual functional capacity to perform work at all exertional levels, and that she is able to perform simple, routine and repetitive work in which she does not have to deal with the public. The ALJ also found that Ortíz's medically determinable depressive and dysthymic disorder and generalized anxiety do not prevent her from performing her past relevant work. Consequently, the ALJ concluded that Ortíz was not disabled as defined in the Social Security Act, at any time through the date in which his decision was rendered.

It is clear that at step four of the sequential evaluation process, a claimant must be found not disabled if she retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job. *See Santiago v. Secretary of Health and Human Services*, 944 F.2d 1, 5 (1st Cir. 1991). The ALJ should examine the demands and duties of the former job as the claimant actually performed it. *Id.* The claimant is the primary source for such information, and statements by the claimant regarding past work are generally sufficient for determining the skill level and exertional demands of such work. *Id.*

A claimant will be found to be "not disabled" when it is determined that she retains the residual functional capacity to perform: 1) the actual functional demands and job duties of a particular past relevant job; or 2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *SSR 82-61 Titles II and XVI: Past Relevant Work – The Particular Job or the Occupation as Generally Performed*.

Civil No. 04-1604 (JAF) Page 7

Ortíz argues that the ALJ did not use the substantial evidence standard to reach his final conclusion but rather used improper standards and misapplied the law in reaching the conclusion she was not disabled. Ortíz raises the following four specific issues: 1) the ALJ erred in finding Ortíz not credible; 2) the ALJ erred in not submitting determinations regarding petitioner's non-exertional restrictions and residual functional capacity; 3) the ALJ inappropriately relied upon his opinions and the medical opinions from the State Agency consultants rather than relying upon the assessment rendered by treating physicians; and, 4) the preponderance of the evidence shows that Ortíz is unable to perform her past relevant work or any work in the national economy.

Inasmuch as the issue regarding the ALJ's assessment of Ortíz's physical residual functional capacity is dispositive of this matter, the other issues raised by Ortíz will not be addressed.

Ortíz argues that the ALJ erred inasmuch as his decision does not address Ortíz's residual functional capacity. Ortíz contends that the ALJ limits his discussion to Ortíz's physical impairments and totally disregards her mental impairment as well as the effect of pain on her residual functional capacity. Ortíz also contends that the ALJ erred by not determining that Ortíz had a combination of severe physical and mental impairment. Further, she contends that the ALJ did not discuss what are the nonexertional restrictions imposed by her pain and nervousness and how the symptoms and signs affect her in her capacity to work.

Both the Social Security statute, 42 U.S.C. § 423(d)(2)(C), and the Commissioner's regulations, 20 C.F.R. § 404.1523, require the Commissioner to "consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." It appears that the ALJ's considered the combined effect of Ortíz's exertional and nonexertional impairments. Nevertheless, error occurred in the ALJ's assessment of same.

The ALJ agreed with the assessments made by the consultants at the State Agency with

regard to the degree of the limitations and restriction of Ortíz's abilities and capacities, more specifically with the conclusions that she has the residual functional capacity to perform work across all exertional levels (Tr. 20). The record, however, does not contain a Physical Residual Functional Capacity (hereafter "RFC") assessment.  Contained in the record is a case development sheet that reflects that an assessment by a physician had been requested (Tr. 167).  However, the physician who performed the assessment did not delineate or specify Ortíz's physical capabilities or restrictions. Actually, the evidence on record reflects that on March 22, 2002, the physician merely made some broad remarks and entries on the Case Development Sheet indicating that Ortíz has "normal strength, normal reflexes, normal sensors, normal, gait/handling and normal LSS (i.e. lumbosacral spine) except for straight/lower" (Tr. 167).  There is no indication in the record that the physician's assessment was ever affirmed or reviewed by another State Agency physician.

  The record also reflects that Ortíz was also evaluated by two neurologists. Dr. Evelyn Rodríguez-Ají (hereafter "Dr. Rodríguez" evaluated Ortíz on January 30, 2002 (Tr. 151-152).  The examination revealed no atrophy, muscular strength was rated at level 5 throughout the body, and there was mild tremor in the hands at rest and positional occasionally (Tr. 152). All deep tendon reflexes were positive, and there were no corticospinal signs.  *Id.*  Lasegue testing was negative bilaterally while seated.  *Id.*  As to sensitivity, the tests reflected that Ortíz had normal pain and touch.  *Id.*  Examination of the spine indicated mild lumbar spasm, but no swelling, trophic changes, deformity or contracture.  *Id.*  Dr. Rodríguez diagnosed dorsolumbar sprain, mild lumbar myositis and essential tremor (Tr. 152).

  Dr. Edgar C. Hernández-Viera (hereafter "Dr. Hernández") evaluated Ortíz on October 8, 2002 (Tr. 232-233).  Ortíz's strength was rated 5/5 overall and it was noted there was good bulk and tone (Tr. 233).  Ortíz complained of tenderness to palpation over the lumbosacral spine.  *Id.*  Lumbar flexion was decreased to 45 degrees, but straight leg raising was negative to 90 degrees bilaterally.  *Id.*  Examination of the hands revealed normal findings (Tr. 234).

Also, her gait was normal (Tr. 235).  Finally she had normal results on range of motion testing (Tr. 236-38).  Deep tendon reflexes were 2+ overall, except for the left ankle jerk which was absent (Tr. 233).  Dr. Hernández's neurological impression or diagnostic was that of chronic low back and neck pain, ruled out lumbosacral radiculopathy and found cervical strain (Tr. 233).

Having examined the medical evidence on record, the undersigned finds that the State Agency Physicians assessment (Tr. 167) is seriously lacking in its findings.  In *Berrios-López v. Secretary of Health and Human Services*, 951 F.2d 427, 431 (1st Cir. 1991), the First Circuit Court of Appeals concluded that the reports of two non-examining, non-testifying physicians did constitute substantial evidence of the ALJ's finding regarding claimant's residual functional capacity because the reports:  1) contained written comments and medical conclusions rather than just "the mere checking of boxes denoting levels of residual functional capacity," 2) were consistent with each other and, 3) the physicians had available to them most, although not all, of the medical evidence for their review.   Additionally, the RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence on record. *SSR 96-8p*.

In the case at bar there is no RFC assessment.  More so, at the time the State Agency physician made his observations and conclusions although the medical evidence was not available for review.  His assessment was made on March 22, 2002, yet the record contains medical records from Ortíz's treating physician up to and including August 2002.  Also, the State Agency physician does not explain his findings nor does he express an opinion about Ortíz's functional physical capacity.  Indeed, other than the neurologists findings of Drs. Rodríguez and Hernández, there is nothing in the record discribing Ortíz's exertional limitations.  The undersigned is mindful that for the most part the examinations of Drs. Rodríguez and Hernández revealed normal result.  However, their reports do not answer

Civil No. 04-1604 (JAF)                                                                                              Page 10

specific questions as to Ortíz's ability to perform work related tasks.  For example, it remains unanswered what is the weight amount that she lifts occasionally or frequently; how long can she stand, sit and/or walk during a normal work day; is she unlimited in her ability to push and/or pull; are there any postural or manipulative limitations?

It is well established that an ALJ is not qualified to interpret raw medical data in determining functional limitations. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). 34 F.3d 13, 18 (1st Cir. 1994).  Nonetheless, it appears that the ALJ did just that.  Pursuant to the social security regulations exertion levels range from light work to very heavy work.  20 C. F. R. § 404.1567.  Given the fact that none of the State Agency physicians or consultants expressed an opinion as to Ortíz's physical residual functional capacity, it is unclear how the ALJ reached his conclusion that Ortíz is able to perform work at all levels of exertion.

Accordingly, the undersigned finds that ALJ's determination is not supported by the substantial weight of the evidence.  The best course of action is to remand this matter to the ALJ for further findings and having a physical residual functional capacity assessment performed.

### IV.    Conclusion

For the reasons stated above, this Magistrate-Judge, having scrutinized the record and completed an independent assessment of the evidence, finds that, the decision of the ALJ is not supported by substantial evidence. As such,  ALJ's decision is **VACATED** and  this case is **REMANDED** for further proceedings consistent with this opinion.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order.  *United States v. Valencia-Compote*, 792 F.2d 4, 6 (1st Cir.

Civil No. 04-1604 (JAF)                                                                                       Page 11

1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge.  *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED**.

At San Juan, Puerto Rico, on this 19th day of May, 2005.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**